```
            IN THE UNITED STATES DISTRICT COURT
         OF THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


PATSY COLLINS                                        PLAINTIFF

VS.                         CIVIL ACTION NO. 5:07-cv-17(DCB)(JMR)

NATCHEZ COMMUNITY HOSPITAL, INC.                     DEFENDANT
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant Natchez Community Hospital, Inc. ("NCH")'s motion for summary judgment **(docket entry 32)**. Having carefully considered the motion and response, the memoranda and supporting documents, as well as the applicable law, the Court finds as follows:

The plaintiff, Patsy Collins ("Collins"), a Caucasian female, was employed by NCH as a Registered Nurse (RN) from March 31, 2003, until her employment was terminated on January 6, 2006. She alleges that she was subjected to intentional discrimination in the terms and conditions of her employment on the basis of her age, race, and disability/perceived disability. Complaint, p. 1. She brings this action pursuant to "the Age Discrimination in Employment Act of 1967 (ADEA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e <u>et</u> <u>seq</u>.; 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990 (ADA); as well as violations of Mississippi common law." <u>Id</u>. Her complaint includes a state law claim for intentional infliction of emotional distress. <u>Id</u>. at p. 5.

The complaint includes the following brief recitation of the factual bases for Collins's claims:

> 7. During the course of her employment with Defendant, Plaintiff was forced to work on the first floor of the hospital where the work is heavier and harder while her younger, African-American coworkers were given her previous assignments on the second floor.
>
> 8. Plaintiff suffered a work-related injury to her back on November 13, 2005, while working on the first floor of the hospital and was placed on a light duty restriction by her physician.
>
> 9. As a result of her age, race, and disability/ perceived disability, Plaintiff was reassigned again from her work on the second floor to the first floor.
>
> 10. Plaintiff complained to her supervisor, Luridean Jackson, an African American woman who is approximately forty (40) years old. Consequently, Jackson continued to assign younger, African American employees to the more desirable work on the second floor and told Plaintiff that if she did not report to the first floor she would suffer the consequences.
>
> 11. Plaintiff was terminated on January 6, 2006, for refusing further reassignment to the first floor. At the time of her discharge, Plaintiff was sixty-five (65) years old and restricted to light duty work.

Id., at pp. 2-3.

NCH has moved for summary judgment on all of the plaintiff's claims pursuant to Fed.R.Civ.P. 56. Summary judgment is designed "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citation and internal quotation omitted); see Berry v. Armstrong Rubber Co., 780 F.Supp. 1097, 1099 (S.D. Miss. 1991), aff'd, 989 F.2d 822 (5th Cir.

2

1993).  A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact.  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990).  Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate.  Lavespere, 910 F.2d at 178. The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial.  Fed. R. Civ. P. 56(e); Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  If the nonmovant satisfies its burden, summary judgment will not be granted.  Id.

Summary judgment is available in employment discrimination cases, see, e.g., Slaughter v. Allstate Ins. Co., 803 F.2d 857, 861 (5th Cir. 1986)(case brought under Age Discrimination in Employment Act), and is appropriate where "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment

3

in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant."  <u>Armstrong v. City of Dallas</u>, 997 F.2d 62, 67 (5th Cir. 1993)(Title VII retaliation case).  The Fifth Circuit has held that summary judgment is appropriate where the plaintiff fails to show a genuine issue of fact on the pretext issue.  <u>See</u>, e.g., <u>Amburgey v. Corhart Refractories Corp., Inc.</u>, 936 F.2d 805, 813 (5th Cir. 1991); <u>Hanchey v. Energas Co.</u>, 925 F.2d 96 (5th Cir. 1990).

In her memorandum brief in response to the defendant's motion for summary judgment, Collins concedes that she does not have a claim under the ADA (Plaintiff's Brief in Response, pp. 3, 9-10).  She also concedes that she does not have claim under state law for intentional infliction of emotional distress.  (<u>Id</u>., p. 10).  This leaves Collins's claims for employment discrimination based on her age (under the ADEA) and race (under Title VII and § 1981).

Title VII makes it "an unlawful employment practice for an employer ... to discharge ... or otherwise to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's race ...."  42 U.S.C. § 2000e-2(a)(1).  Title 42, Section 1981 provides that all persons shall share certain enumerated rights.[1]  The ADEA

---

[1] Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, sue, be parties, give

forbids "an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The standard of proof for Title VII discrimination claims also applies to § 1981 claims, Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403 n.2 (5th Cir. 1999), and ADEA claims.  See O'Connor v. Consol, Coin Caterers Corp., 517 U.S. 308, 311 (1996).  Because the same facts underlie all three causes of action, the Court conjunctively analyzes Collins's Title VII, § 1981, and ADEA claims.  See Bauer v. Albemarle Corp., 169 F.3d 962, 967 (5th Cir. 1999).

"The Title VII inquiry is 'whether the defendant intentionally discriminated against the plaintiff.'" Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003)(quoting U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983)).  Courts traditionally employ two frameworks for analyzing discrimination

---

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.  It is well established that § 1981 protects the rights of all persons, including white persons, to be free from racial discrimination and harassment in the workplace; thus, white persons have standing to sue under § 1981 where they claim to have suffered racial discrimination and/or harassment.  See McDonald v. Sante Fe Trail Transp. Co., 427 U.S. 273 (1976).

claims: "mixed-motive" and "single-motive" or "pretext." See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989)(mixed-motive); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981)(pretext). Under the mixed-motive framework, the individual must demonstrate, by either direct or circumstantial evidence, that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons. Price Waterhouse, 490 U.S. at 241. Under the pretext framework, after the employee demonstrates a prima facie case of discrimination and the employer meets its burden of positing a legitimate, non-discriminatory reason for the employment action, the burden falls to the employee to establish that the employer's permissible reason is actually a pretext for discrimination. Burdine, 450 U.S. at 252-53; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973).

In order to withstand summary judgment, Title VII requires that Collins, using direct or circumstantial evidence, "present sufficient evidence for a reasonable jury to conclude ... that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice.'" Desert Palace, Inc. v. Costa, 539 U.S. 90, 101 (2003)(quoting 42 U.S.C. § 2000e-2(m)). Collins argues that impermissible considerations, namely race and age, motivated NCH's employment decisions.

Title VII "was designed to address ultimate employment decisions, not to address every decision made by employers that

6

arguably might have some tangential effect upon those ultimate decisions." <u>Preston v. Texas Dept. of Family and Protective Services</u>, 222 Fed.Appx. 353 (5th Cir. 2007); <u>Dollis v. Rubin</u>, 77 F.3d 777, 781-82 (5th Cir. 1995).  "Ultimate employment decisions" include such acts as "hiring, granting leave, discharging, promoting, and compensating." <u>Dollis</u>, 77 F.3d at 782.  The Fifth Circuit has held that being given less favorable work assignments does not constitute a legally cognizable "adverse employment action."  See <u>Ellis v. Principi</u>, 2007 WL 2510620 (5th Cir. 2007). Moreover, a purely lateral transfer does not constitute an adverse action.  <u>Burger v. Central Apt. Mgmt., Inc.</u>, 168 F.3d 875, 879 (5th Cir. 1999)(a transfer is purely lateral when the new position had the "same job title, benefits, duties, and responsibilities" as the old position).

   Collins has not shown that her occasional assignments to work on the first floor were objectively worse than her assignments to work on the second floor.  She has not shown that there was any difference in pay, title, grade, prestige, upward mobility, or interesting work to perform.  Even if she could show that these occasional assignments amounted to an adverse employment action, she has not offered evidence that "similarly situated" employees of a different race or age were treated more favorably than she was. Finally, NCH's evidence shows that the first floor assignments were part of Collins's training and part of her normal job assignments,

and were supervisory decisions based on the nurses' experience and patient need, all of which constitute legitimate, non-discriminatory reasons for the assignments. Even if she could state a prima facie case, Collins has not produced any evidence, direct or circumstantial, of discriminatory intent on the part of NCH. The defendant is therefore entitled to summary judgment on the plaintiff's claims based on her assignments to the first floor.

This leaves the plaintiff's claims for discriminatory termination. Since Collins does not present direct evidence of discrimination, to establish a prima facie case of race discrimination based on circumstantial evidence, she must show the following:

   (1) she was a member of a protected class;

   (2) she was qualified for the position from which she was discharged at the time of discharge;

   (3) she was discharged despite her qualifications;

   (4) she was replaced by a person outside the protected class or she shows otherwise that her discharge was due to her race.

McDonnell Douglas, 411 U.S. at 802. Similarly, to establish a prima facie case of age discrimination, she must show that:

   (1) she was discharged;

   (2) she was qualified for her position;

   (3) she was within the protected class at the time of her discharge; and

   (4) she was either (I) replaced by someone outside the protected class, (ii) replaced by someone younger, or

8

(iii) otherwise discharged because of her age.

Rachid v. Jack In The Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

If the plaintiff establishes her prima facie case of discrimination, then a rebuttable presumption of intentional discrimination is created which the employer can rebut by articulating some legitimate, non-discriminatory reason for its action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Although the presumption shifts the burden of production to the defendant, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Id. Once the employer puts forward evidence of a legitimate reason for its employment decision, the presumption raised by the prima facie case is rebutted and the plaintiff must prove that the defendant's proffered reason was not the true reason for her discharge and that race or age was. Id.

When Collins was hired in 2003, she was a recent graduate of nursing school and had never worked in a hospital. She was hired by Esther Mingee, NCH's Chief Nursing Officer (Caucasian, age 46), with input from Luridean Jackson, the Nurse Manager (African American, age 47). Jackson provided her with a significant amount of training, especially with regard to pediatric patients. Plaintiff's Deposition, pp. 42-43, 57, 190. Collins had multiple disciplinary write-ups during her tenure. Id., p. 108. Her most

serious mistake occurred in July of 2004, when she failed to have a second RN check the blood type for a transfusion. Collins admits that she could have been terminated for the mistake; however, she was put on a work performance program, and warned by Mingee that if she made any more mistakes she would be terminated. Id., pp. 113-20; Mingee Affidavit.  A similar mistake was made by Collins on June 24, 2005; again, instead of termination, she was given a verbal warning. Id. at 120-21.  Collins admits that NCH had reasons to terminate her. She also admits that her numerous write-ups had nothing to do with her age or her race. Id. at 121-22.

On December 10, 2005, Collins was assigned to work on the first floor, where there were twenty three patients and only three RN's, including Collins. There were twelve patients on the second floor, including two one-year-old patients. There were two RN's on the second floor, both of whom, unlike Collins, were very experienced in working with pediatric patients. Mingee Aff. Collins refused to work on the first floor. Collins admits that she lied when she told one of her supervisors that she and Nurse Manager Jackson had an understanding that she would no longer have to work the first floor. Plaintiff's Depo., pp. 168-69. The lie was exposed by a phone call to Jackson, and Collins was warned she had to work her assigned shift or she would "suffer the consequences." Id., pp. 172-73; Jackson Aff. Shortly after the confrontation, Collins announced that she was leaving due to

illness. Id., p. 171.

On January 6, 2006, Collins met with Jackson and the Human Resources Department Director, Greg Foster, to discuss her various disciplinary write-ups, including her recent insubordination. Foster had two alternative write-ups on his desk, one a termination notice and the other another work performance plan, depending on how the meeting went. Jackson Aff. At the meeting, the decision was made to terminate Collins based on her numerous poor performances and disciplinary write-ups, her insubordination, and her lack of contrition at the meeting. Id.

In this case, the plaintiff has not established a prima facie case of discrimination because she has not demonstrated that she was qualified for the position from which he was discharged at the time of discharge, i.e., she has not demonstrated that she was performing at a level that met her employer's legitimate expectations; nor has the plaintiff established that other similarly situated employees, i.e. employees who had similar performance records and/or incidents of insubordination, were not similarly discharged. Compare, Green v. Armstrong Rubber Co., 612 F.2d 967, 968 (5th Cir. 1980)(plaintiff failed to establish a prima facie case of discrimination because plaintiff failed to demonstrate by a preponderance of the evidence that white employees who similarly violated work rules were punished dissimilarly).

The plaintiff's self-serving speculation on these issues is

insufficient to defeat summary judgment.  Compare, Medina-Munoz v. R.J. Reynolds, 896 F.2d 5 (1st Cir. 1990)(even where motive or intent is at issue in a discrimination case, summary judgment is appropriate where non-movant relies on conclusory allegations, improbable references, and unsupported speculation); Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989)(summary judgment was appropriate where plaintiff failed to make a showing of a genuine issue of material fact sufficient to establish the existence of disparate treatment in the application of disciplinary measures); Aquamina v. Eastern Airlines, Inc., 644 F.2d 506 (5th Cir. 1981) (summary judgment was appropriate where plaintiff failed to raise any issue of fact indicative of racially discriminatory conduct by his former employer).

Furthermore, even if the plaintiff could make a prima facie case for race or age discrimination, the record clearly indicates that NCH's employment decisions were based on legitimate, non-discriminatory reasons.  Collins has offered nothing to rebut the reasons given by NCH.  "Merely disagreeing with an employer's legitimate non-discriminatory reasons is insufficient to show pretext."  Perez, 307 F.3d at 325 (citing Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 408 (5th Cir. 1999)).

"The ultimate question in every employment discrimination case ... is whether the plaintiff was the victim of intentional discrimination."  Reeves v. Sanderson Plumbing Products, Inc., 530

U.S. 133, 153 (2000).  Collins has failed to present sufficient evidence such that a reasonable factfinder could infer intentional discrimination.  Summary judgment shall therefore be granted in favor of the defendant.  Accordingly,

IT IS HEREBY ORDERED that the defendant Natchez Community Hospital, Inc.'s motion for summary judgment **(docket entry 32)** is GRANTED.

A separate Final Judgment dismissing this action with prejudice shall be entered.

SO ORDERED, this the   11th   day of March, 2008.


                                     s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE